**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ALBERT DENNIS ZAMPEDRI,** | |
| **Petitioner,** | **ORDER** |
| **vs.** | |
| **ALFRED BIGELOW,** | **Case No.  2:08CV721DAK** |
| **Respondent.** | |

On September 22, 2008, Plaintiff filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  Petitioner previously filed a § 2254 petition, Case No. 2:05cv139, which was denied by this court on September 11, 2006.  Petitioner appealed that dismissal to the Tenth Circuit.  The Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed the appeal.  *Zampedri v. Utah*, 219 Fed. Appx. 803, 2007 WL 756451 (10th Cir. 2007).  After Petitioner's first federal petition for writ of habeas corpus was filed, Petitioner filed a state petition for post-conviction relief, which was denied as frivolous by the Utah Court of Appeals.  *Zampedri v. Bigelow*, 2008 Ut App 178.  Petitioner then filed this second federal petition.  Respondent, in this case, filed a Motion to Dismiss.  In response to Respondent's Motion to Dismiss, Petitioner filed an interlocutory appeal.  On December 1, 2008, the Tenth Circuit dismissed the appeal for lack of appellate jurisdiction because there was no

ruling by this court that ended the litigation on the merits in the district court.  Therefore, the matter before this court is Respondent's motion to dismiss Petitioner's second petition under Section 2254.

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  Rules Governing Section 2254 Cases in the United States District Courts, Rule 9; 28 U.S.C. § 2244.   Under Section 2244, any claim presented in a second petition that was presented in the prior petition shall be dismissed.  28 U.S.C. § 2244(b)(1).  Any claim not presented in the prior application, shall be dismissed unless the petitioner shows that (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and such facts would establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the underlying offense.  *Id.* at § 2244(b)(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) mandates that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also Coleman v. Unites States*, 106 F.3d 339, 341 (10th Cir. 1997).  The Tenth Circuit has held that "when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631."

*Coleman*, 106 F.3d at 341.  The court may also dismiss the petition for lack of jurisdiction.  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The district court must consider several factors in determining whether a transfer under 28 U.S.C. § 1631 is in the interest of justice.  These factors include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  *Id.* at 1251.  The court must also consider that the court of appeals will not authorize the filing of a second petition unless the petitioner can meet the requirements of Section 2244(b)(2) outlined above.

In this case, it appears from Petitioner's petition that he was unaware of the standards he would be required to meet under Section 2244(b)(2).  Petitioner did not address the issue and did not attempt to meet the standard.  A Minnesota court recently addressed the same issue and concluded that "[b]ecause Petitioner has not specifically attempted to meet that standard in his present submissions, it is unlikely that the Court of Appeals would grant a pre-authorization order at this time. . . .  It therefore makes more sense to dismiss the present action (without prejudice) and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals."  *Carter v. King,* 2008 WL 2959933 n.5 (D. Minn.).

Similarly, in this case, Petitioner should file a separate petition for pre-authorization directly with the Tenth Circuit that attempts to meet the standards required for a second petition outlined above.  If this court were to transfer Petitioner's current petition it would be likely be denied.  Accordingly, the court dismisses Petitioner's petition for writ of habeas corpus without prejudice.

3

DATED this 29th day of January, 2009.

BY THE COURT:

_____
DALE A KIMBALL
United States District Judge